CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 8 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

WAYNE E. JACKSON,
    Petitioner,                                    Civil Action No. 7:07-cv-00504

                                                      MEMORANDUM OPINION
v.

MICHAEL B. MUKASEY, ET AL.,         By: Hon. Jackson L. Kiser
    Respondent.                              Senior United States District Judge

Petitioner Wayne E. Jackson, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus. Although Jackson cites numerous and sundry federal statutes and constitutional provisions, the court construes his petition as an attempt to challenge the execution of his federal prison sentence, pursuant to 28 U.S.C. § 2241. Upon review of the petition, I conclude that petitioner has failed to demonstrate entitlement to relief.

In his petition, Jackson does not name the court in which he was convicted, the crime of which he was convicted, or the length of sentence imposed. Rather, he is trying to get out of prison by asserting that several federal laws about prisons are void because they were not properly enacted into law. Jackson styles his petition as a

> PETITION FOR WRIT OF HABEAS CORPUS AND FOR DECLARATORY JUDGMENT UNDER 5 U.S.C. § 703 AND 28 U.S.C. § 451-466 . . . TO DECLARE PLACE OF IMPRISONMENT, AND 18 U.S.C. § 3621-4081, ET SEQ., THOSE LAWS WHICH COVER PLACES OF IMPRISONMENT AND CLASSIFICATION OF PRISONERS UNCONSTITUTIONAL AND VOID AB INITIO, BECAUSE PUBLIC LAW 80-772 WAS NEVER VOTED INTO LAW BY THE SENATE DURING ANY SESSION OF THE 80TH CONGRESS AND ONLY BY THE VOTE OF 44 MEMBER PRESENCE IN A 435 MEMBER HOUSE OF REPRESENTATIVES IN VIOLATION OF THE QUORUM, VOTE, JOURNAL, RESOLUTION, AND PRESENTMENT CLAUSES OF ARTICLE 1, § 5, ¶ 1 AND

1

ARTICLE 1, § 7, ¶¶ 2 AND 3 OF THE U.S. CONSTITUTION.

Jackson asserts that because no valid laws authorized prison officials to classify, commit, transfer, and designate him to his current place of incarceration, this court should order his release from the United States Penitentiary in Lee County, Virginia (USP Lee).

Any challenge to Bureau of Prisons (BOP) implementation of an inmate's federal sentence of imprisonment is appropriately raised in a 28 U.S.C. § 2241 petition after exhaustion of administrative remedies. See United States v. Wilson, 503 U.S. 329, 333-35 (1992); Randall v. Whelan, 938 F.2d 522, 524 n. 2 (4th Cir.1991). Specifically, once he has sought administrative relief, a prisoner may seek judicial review of the administrative response by filing a petition for a writ of habeas corpus under § 2241 in the district court with jurisdiction over the facility in which petitioner is confined. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

Because Jackson is currently incarcerated at USP Lee, within the jurisdiction of this court, he may pursue a § 2241 petition here, provided that he has exhausted available administrative remedies. It is not clear that the claims Jackson presents could be addressed through the BOP administrative remedies scheme or that he has attempted to do so. However, I am of the opinion that his habeas claims fail to provide any possible ground for the relief he requests and as such, warrant summary dismissal.

His argument is illogical. If the laws concerning classification and housing assignments for federal inmates are void because they were never enacted properly, then these laws do not exist in a legal sense and cannot be violated in a legal sense. His imprisonment itself is authorized by his unchallenged federal criminal conviction and sentence. Meachum v. Fano, 427 U.S. 215, 224

(1976). Moreover, inmates have no constitutional right to be housed in any particular prison or jail and, consequently, have no constitutional right to be subject only to prison regulations that have been properly approved by Congress. Id. at 224-25. Thus, Jackson has not shown that he is in custody in violation of the constitution or any laws of the United States or otherwise entitled to federal habeas corpus relief, whether under § 2241 or any other federal statute. For these reasons, I find no need for further discussion or factual development and will summarily dismiss the petition. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this opinion and the accompanying order to petitioner.

ENTER: This 8th day of November, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge

4